Sherry **EIRHART**, Plaintiff,

v.

**LIBBEY–OWENS–FORD COMPANY,**
Defendant.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

v.

**LIBBEY–OWENS–FORD COMPANY,**
Defendant.

Nos. 76 C 3182, 78 C 2042.

United States District Court,
N. D. Illinois, E. D.

Dec. 10, 1981.

Thomas R. Meites and Lynn Sara Frackman, Meites & Frackman, Chicago, Ill., for plaintiff.

Robert S. Soderstrom and James P. De-Nardo, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In these consolidated actions plaintiffs Sherry Eirhart ("Eirhart") and Equal Employment Opportunity Commission ("EEOC") charge Libbey-Owens-Ford ("LOF") with unlawful hiring practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3). Plaintiffs allege that LOF's minimum height and weight requirements discriminate unlawfully against women applicants. They now move that their attorneys and consultants be given access to observe a special production line at LOF's Ottawa, Illinois plant. For the reasons stated in this memorandum opinion and order plaintiffs' motion is granted.

▇ As part of their prior discovery plaintiffs have physically examined operations at several LOF plants. LOF has now hired temporary employees to staff a separate production line in Ottawa, established under the supervision of LOF's attorneys and their consultants as "an industrial physiological study of the relationship between the minimum physical hiring standards in issue in this case and various entry level jobs at LOF's Ottawa facility." Plaintiffs seek an order under Fed.R.Civ.P. ("Rule")

34(a) and Rule 37(a) permitting observation of the special production line during the study.

Rule 34(a)(2) permits a party to request: entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Plaintiffs' request comes within the literal language of Rule 34(a)(2) *if* the proposed entry and inspection are "within the scope of Rule 26(b)."

In general terms that Rule poses a very low hurdle—it permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Here the lawsuit's subject matter is LOF's minimum height and weight requirements, and a test of the effects of those requirements is obviously relevant. Their disparate impact is apparent, and plaintiffs will surely be required to meet LOF's assertion that the physical requirements are bona fide occupational qualifications.

If the results of the controlled experiment are favorable to LOF's position, LOF will likely invoke them in the presentation of its defense. Plaintiffs will be far better able to treat with the offered test findings if they have been able personally to observe the manner in which the test is conducted. And if LOF does *not* seek to offer the test into evidence, plaintiffs may well want to do so. It is scarcely subject to debate that observation of the test is, as Rule 26(b)(1) says, "reasonably calculated to lead to the discovery of admissible evidence."

▇ LOF seeks refuge from the all-embracing general sweep of Rule 26(b)(1) in two later provisions of the same Rule 26. Neither can give it comfort.

Rule 26(b)(4)(B), which limits the discovery of "facts known and opinions held by experts...," simply does not apply here. If experts are indeed involved in the test (assumed for this purpose, though not yet

shown), plaintiffs are not calling for their "opinions held"—their conclusions from the test results. Instead plaintiffs ask only to observe the test as it is being conducted.[1] Rule 26(b)(4)(B) plainly does not bar plaintiffs' current discovery request.

Another limitation, Rule 26(b)(3), provides that:

> a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation . . . only upon a showing that the party seeking discovery has substantial need of the material in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

That subsection, essentially a codification of the work-product doctrine, also does not bar plaintiffs' access. Work-product notions focus on two goals:

> (1) to protect the mental impressions or theories developed by a lawyer or any other representative of a party in anticipation of litigation; and
>
> (2) to prevent an attorney from waiting while opposing counsel does investigative work and then simply requesting the fruits of such efforts via discovery.

Plaintiffs' request raises neither concern. Again it should be observed they are not asking for the test results.[2] They seek only access to the testing site and observation of the manner in which the test is being performed. Such information is not what the work product doctrine was designed to protect.

Nonetheless this Court should deal with the possible (though tenuous) reading that the special production line is a "tangible thing . . . prepared in anticipation of litigation." Even on that assumption plaintiffs must prevail. If LOF eventually uses the results of the test, plaintiffs would have at least a substantially more difficult time challenging the results if they are not permitted to inspect precisely how the test is being conducted. As the Supreme Court observed in a similar situation, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 433, 95 S.Ct. 2362, 2379, 45 L.Ed.2d 280 (1975):

> It cannot escape notice that Albemarle's study was conducted by plant officials, without neutral, on-the-scene oversight, at a time when this litigation was about to come to trial. Studies so closely controlled by an interested party in litigation must be examined with great care.

Alternatively if LOF does not itself use the test results, it would clearly be impossible for plaintiffs to replicate such a study themselves. Thus even if the test were within Rule 26(b)(3), plaintiffs have demonstrated both a "substantial need" and an inability "without undue hardship to obtain the substantial equivalent." That showing satisfies the Rule.

*Conclusion*

Plaintiffs' motion for a Rule 34 inspection is granted. LOF is required under Rule 37(a)(2) to give plaintiffs, their attorneys and consultants access to the Ottawa plant to observe the special production line in operation during the remainder of LOF's study.

---

1. It will be time enough to deal with the broader question LOF raises if and when plaintiffs seek such expanded discovery.

2. And again it should be observed that this opinion expresses no view as to whether Section 26(b)(3) could be satisfied if they were.